**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 22-4744**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TRACY DEWAYNE ANDREWS, JR.,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:22-cr-00191-FDW-DCK-1)

—————————

Submitted: November 21, 2023                Decided: November 27, 2023

—————————

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:** John G. Baker, Federal Public Defender, Charlotte, North Carolina, Melissa S. Baldwin, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Dewayne Andrews, Jr., appeals the district court's order revoking his supervised release and imposing a revocation sentence of time served and two additional years of supervision. On appeal, Andrews contends that the district court imposed an illegal sentence. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Andrews argues that his revocation sentence exceeds the statutory maximum and is therefore illegal. Specifically, he contends that, because he was originally convicted of violating 18 U.S.C. § 922(g)(1) and sentenced to the then-statutory maximum term of 10 years' imprisonment,[*] the court lacked statutory authority to sentence him to approximately 87 days' time served on revocation of his supervised release. However, "18 U.S.C. § 3583(e)(3) authorizes the revocation of supervised release even where the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will exceed the maximum incarceration permissible under the substantive statute." *United States v. Bruley*, 15 F.4th 1279, 1283 (10th Cir. 2021) (internal quotation marks omitted). Accordingly, the district court did not

---

[*] Since Andrews' conviction in 2013, Congress has increased the maximum penalty for a § 922(g)(1) violation to 15 years' imprisonment. *See* 18 U.S.C. § 924(a)(8).

2

exceed its statutory authority by sentencing Andrews to time served, a sentence within the statutory maximum sentence set forth in 18 U.S.C. § 3583(e)(3).

Therefore, we affirm the revocation judgment. We deny Andrews' motion to expedite the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*